UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Keith S. MacLeod,
      Petitioner

      v.                                    Case No. 11-cv-139-SM
                                             Opinion No. 2011 DNH 071
United States of America,
      Government

O R D E R

Petitioner pled guilty to aiding and abetting a convenience store robbery (18 U.S.C. § 1951) and, on August 1, 2007, was sentenced to 151 months of imprisonment and a 3 year term of supervised release.  At sentencing, petitioner was found to be a career offender (U.S.S.G. § 4B1.1(a)), based upon the violent nature of the offense of conviction and his prior criminal history.  Petitioner now seeks relief under the provisions of 28 U.S.C. § 2255.  He says that the Supreme Court's decision in Johnson v. United States, ____ U.S. ____, 130 S.Ct. 1265 (March 2, 2010), renders one of his prior felony convictions for assault and battery unusable as a predicate to establish his career offender status under the Sentencing Guidelines.  Accordingly, he seeks re-sentencing, without a guidelines career offender adjustment.

The Supreme Court held in Johnson that a battery conviction under Florida law did not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because the battery offense was not shown to have been based upon any conduct beyond an intentional unwanted touching.  By definition a "violent felony," for federal sentencing purposes, must include as an element (with respect to assaults) the use of "physical force" against the persons of another — that is, "violent force . . . capable of causing physical pain or injury to another person."  Id. at 1271 (emphasis in original).  Petitioner argues that under Johnson his prior assault and battery conviction[1] (under Massachusetts law) no longer qualifies as a "violent felony" for purposes of determining his career offender status.

It is true that Massachusetts, like many states, punishes both a "violent" and "non-violent" form of assault and battery (from the federal guidelines' career offender perspective).  See Mass. Gen. L. ch. 265, § 13A.  And, it has generally been recognized for some time in this circuit that a conviction for

---

[1] Petitioner seeks to challenge a Massachusetts assault and battery conviction in the Haverhill District Court, docket no. 9738CR0794A-C.  The Presentence Investigation Report ("PSR") described the offense conduct as follows:  "According to court records, the defendant violated a protection order which was issued by the Haverhill (MA) District Court on December 30, 1996, when he grabbed and spit on Melissa A. Budgett while she was seated in a car . . . ."  PSR ¶ 50.  Petitioner did not challenge or object to that characterization.

2

the non-violent form of assault would not qualify as a predicate offense in determining career offender status.  See United States v. Fernandez, 121 F.3d 777 (1st Cir. 1997); United States v. Harris, 964 F.2d 1234 (1st Cir. 1992).  But, whether Johnson establishes a new right or rule that is retroactively applicable to petitioner, and whether that rule entitles him to some relief with respect to counting his prior assault conviction as a career offender predicate (and also rendering his petition timely under § 2255), are issues that need not be resolved.

   A defendant is properly classified as a career offender under the sentencing guidelines if, inter alia, the current offense of conviction is a crime of violence, and the defendant has at least two prior felony convictions for crimes of violence.  U.S.S.G. §§ 4B1.1(a) and 4B1.2(a)(1).  In this case, petitioner was convicted of a crime of violence — aiding and abetting a convenience store robbery (18 U.S.C. § 1951).  And, besides the assault and battery conviction petitioner now challenges, his lengthy criminal record includes two prior felony burglary convictions — one for breaking and entering a dwelling in the night with the intent to commit a felony (PSR ¶ 51), and the other a burglary of a dwelling (PSR ¶ 53).  By definition, burglary of a dwelling is, categorically, a "crime of violence." U.S.S.G. § 4B1.2(a)(2).  So, even ignoring the challenged assault

3

and battery conviction, petitioner's status as a career offender remains unassailable — the two convictions for burglary of a dwelling, alone, fully established petitioner's career offender status.

Parenthetically, the court notes that petitioner did not challenge or object to the PSR's findings of fact at sentencing, which the court adopted. See United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007); United States v. Cordero, 42 F.3d 697, 701 (1st Cir. 1994) (upholding reliance on description in PSR for proof of predicate conviction). Nor did he file a timely habeas petition challenging use of his prior convictions for burglary of a dwelling as predicate offenses. Consequently, petitioner's status as a career offender is finally resolved, both on the merits (because the convictions are unquestionably valid career offender predicates) and procedurally (because the one-year limitations period applicable to a § 2255 petition challenging those convictions as predicate offenses has expired).

## Conclusion

The petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. The sentence imposed was authorized by law and is not open to collateral attack, and there has been no denial or infringement

of petitioner's constitutional rights. Accordingly, the petition is denied.

The court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 29, 2011

cc: Keith S. MacLeod, pro se
    Donald A. Feith, AUSA